FILED'10 JAN 21 16:44USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LYNN CARLSON,

       Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security

       Defendant.

ORDER
Portland Division
Civil No. 08-1202-ST

HAGGERTY, District Judge:

Magistrate Judge Stewart referred to this court a Findings and Recommendation [21] in

this matter. The Findings and Recommendation recommends remanding this matter for payment

of benefits. Defendant has filed objections. For the reasons provided, this court adopts the

Findings and Recommendation.

1 - ORDER

**STANDARDS**

When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review.  28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).  This court has performed a *de novo* review, and has evaluated the Findings and Recommendation, the objections, and the entire record.

**DISCUSSION**

The Findings and Recommendation concluded that this matter should be remanded for an award of benefits because the Administrative Law Judge (ALJ) improperly assessed plaintiff's credibility and erroneously found that plaintiff's medical record failed to corroborate his symptom testimony, failed to properly consider medical evidence, erred in evaluating lay testimony, and omitted consideration of whether plaintiff met Listing 14.09B, which pertains to ankylosing spondylitis – a condition suffered by plaintiff.

Defendant objects to the Findings and Recommendation, asserting that the administrative ruling should be affirmed, or that this matter should be remanded for further proceedings, because the reasoning presented in the Findings and Recommendation is based primarily upon "evidence and testimony that the ALJ did not see [sic]."  Objections at 2.  Defendant acknowledges that this court has the power to remand for an award of benefits, but "should use that power sparingly, only in cases where the record as a whole clearly compels that result, not where there is conflicting evidence about whether the claimant could work."  Objections at 5 (citing *Briscoe ex. rel. Taylor v. Barnhart*, 425 F.3d 345, 356-57 (7th Cir. 2005)).

Additionally, defendant objects to the weight the Findings and Recommendation gives to medical evidence submitted to the Social Security Administration's Appeals Council, asserting

that such evidence should be given "little, if any, weight." Objections at 6 (citing *Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989)).

Defendant also contends that the ALJ's credibility evaluation should be upheld as reasonable considering the evidence that was before the ALJ. Specifically, defendant emphasizes that the ALJ properly relied on the fact that plaintiff was able to maintain employment with a fair amount of success, and that the facts presented here do "not involve a failed work attempt." Objections at 9.

Finally, defendant asserts that the ALJ assessed whether plaintiff met disability Listings properly, in accordance with the theories presented by plaintiff's representative. Defendant argues that if plaintiff fell short in producing evidence that he met a Listing, the proper result in this litigation should be to remand for further proceedings.

Defendant's objections have been considered. They are rejected.

The Ninth Circuit has held repeatedly that a reviewing court is entitled to credit as true medical and lay witness testimony. *See Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (discussing Ninth Circuit cases involving the credit as true doctrine). The Ninth Circuit has acknowledged that crediting evidence and remanding for an award of benefits is proper in cases in which "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Smolen v. Chater*, 80 F.3d 1273, 1293 (9th Cir. 1996).

Defendant's suggestion that the Magistrate Judge exercised her discretion to remand for an award of benefits as a form of punitive damages because of the ALJ's errors is specious. The Findings and Recommendation correctly set forth the law applicable to credibility determinations

in the Ninth Circuit. After a claimant has established the existence of an impairment that could reasonably cause the reported symptoms (here, plaintiff has suffered from ankylosing spondylitis for thirty years), the ALJ may not reject the claimant's testimony regarding the degree of symptoms suffered absent clear and convincing reasons.

Moreover, defendant's objections to the weight given to the evidence presented to the Appeals Council are not well-taken. Contrary to counsel's assertion, the decision in *Weetman* does not direct that evidence obtained after an ALJ's opinion is entitled to "little, if any, weight." The decision comments only that such evidence may be viewed as "all the less persuasive." *Weetman*, 877 F.2d at 23. The Magistrate Judge evaluated the evidence properly.

The Findings and Recommendation also correctly concluded that the ALJ erred in finding that plaintiff's ability to work during the early stages of his disease meant that he could continue to sustain full-time work after his illness worsened. The record also establishes that plaintiff was ultimately unsuccessful in his attempts to return to work, and the Magistrate Judge properly noted that plaintiff's attempts at employment were misinterpreted by the ALJ.

Finally, regardless of how counsel wishes to construe the "theories" posited by plaintiff's representative to the ALJ, the Magistrate Judge correctly concluded that the evidence before the ALJ supported a finding that plaintiff should have been found to meet the legal requirements of a Listing at step three of the Commissioner's analysis. The Magistrate Judge's well-reasoned analysis in this regard need not be reiterated.

Having carefully reviewed the Findings and Recommendation, the objections, and the entire record, this court concludes that the Findings and Recommendation is legally sound and worthy of adoption in its entirety. A fair and full evaluation of the record compels the conclusion

that the ALJ would be required to find this plaintiff disabled. This case must be remanded for an award of benefits.

**CONCLUSION**

The court adopts the Findings and Recommendation [21]. For the reasons set forth above and in the accompanying Findings and Recommendation, the final decision of the Commissioner denying plaintiff Lynn Carlson's application for benefits is REVERSED and REMANDED for an award of benefits.

IT IS SO ORDERED.

DATED this **21** day of January, 2010.

Ancer L. Haggerty
United States District Judge

5 - ORDER