UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LYNN CARLSON,

        Plaintiff,

     v.                              ORDER

MICHAEL J. ASTRUE,            Civil No. 08-1202-ST
Commissioner of Social Security

        Defendant.

_____

HAGGERTY, District Judge:

On February 2, 2010, Judgment was entered in this action, over defendant's objections, remanding this matter to the Commissioner for payment of benefits. On May 12, 2010, defendant stipulated to a fee award of $8,200.00 payable to plaintiff's attorney pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

On June 23, 2010, plaintiff's counsel moved for approval of additional payment to himself out of plaintiff's retroactive benefits award. The Magistrate Judge has referred the motion to this court.

**ANALYSIS**

Upon a entering a judgment in favor of a Social Security claimant who was represented by an attorney, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Such fee awards are paid from a claimant's retroactive benefits award. *Id.* An attorney receiving such a fee award may not seek any other compensation from a claimant besides a § 406(b) fee. *Id.* Accordingly, when a court approves both an EAJA fee and a § 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

**A.    FEE AGREEMENT**

Under *Gisbrecht*, the court first examines the contingency fee agreement to determine whether it is within the statutory 25 percent cap. Here, counsel and his client executed a contingent-fee agreement, by which they agreed that the attorney fee for work in federal court would be the greater of: (1) 25 percent of any past-due benefits received, or (2) any EAJA attorney fee award obtained. The terms of this agreement are within the statute's limits.

The next step is to confirm that the fee the counsel asks for does not exceed § 406(b)'s ceiling of 25 percent. Obviously, such a determination requires evidence of the retroactive benefits to be paid to the claimant. Here, plaintiff's counsel presented an agency Award Letter that indicates that past-due benefits "are those payable through December 2009" and that $30,623.75 was withheld to reflect counsel's request for a 25 percent fee award. This is the amount counsel now seeks.

Fee agreements that do not result in an award *exceeding* 25 percent of the benefits

awarded to the claimant may be upheld if it can be determined that the fee agreement yields

"reasonable results" under the circumstances of this particular case. *Gisbecht*, 535 U.S. at 807.

This court notes with approval the careful analysis provided recently by Magistrate Judge

Acosta, who recognized that "a twenty-five percent contingent-fee award is not automatic or

even presumed; 'the statute does not create any presumption in favor of the agreed upon

amount.'" *Dunnigan v. Commissioner*, Civil No. 07-1645-AC, 2009 WL 6067058, *7 (D. Or.

December 23, 2009) (quoting *Gisbrecht*, 535 U.S. at 807 n.17). The Magistrate Judge further

recognized the court's duty to review contingent-fee arrangements as an independent check and

to issue an affirmative judicial finding that the fee allowed is reasonable. *Id.* (citation and

internal quotation omitted). Upon a determination that the fee agreement and the amount

requested is in accordance with statutory limits, this court next turns to "its primary inquiry, the

reasonableness of the fee sought." *Id.* at 10; *see also* 42 U.S.C. § 406(b)(1)(A).

**B.    REASONABLENESS**

The burden rests with the plaintiff's counsel to establish the requested fee's

reasonableness. *Gisbrecht*, 535 U.S. at 807. As the Supreme Court noted, in § 406(b) fee

motions, the real party in interest is the attorney, not the claimant. *Id.*, at 798 n.6.

A court evaluating a counsel's showing of reasonableness under § 406(b) is instructed to

acknowledge the "primacy of attorney-client fee agreements." *Gisbrecht*, 535 U.S. at 793.

However, contingent fee agreements that fail to "yield reasonable results in particular cases" can

be rejected. *Id.* at 807. The court may reduce a contingent fee "based on the character of the

representation and the results the representative achieved." *Id.* at 808. For example, a

contingent fee award may be reduced if the attorney provided substandard representation,

engaged in dilatory conduct that increased the accrued amount of past-due benefits, or if the

benefits were disproportionate to the amount of time the attorney spent on the case.  *Id.*

The Ninth Circuit recently issued an *en banc* decision addressing the § 406(b)

reasonableness analysis under *Gisbrecht*.  *See Crawford v. Astrue*, 586 F.3d 1142 (9th Cir.

2009).  The *Crawford* majority emphasized that the Supreme Court has provided a "clear

directive" that a district court should begin its analysis with the attorney-client fee agreement,

and then apply any appropriate reductions to the calculated contingency fees to arrive at a

reasonable fee:

> the Supreme Court's clear directive [is] that the district court must first look to the
> fee agreement and then adjust downward if the attorney provided substandard
> representation or delayed the case, or if the requested fee would result in a
> windfall.

*Crawford*, 586 F.3d at 1151 (citing *Gisbecht*, 535 U.S. at 808).

The Ninth Circuit articulated four factors derived from the *Gisbrecht* analysis that district

courts should consider in determining whether a reduction from the contingent-fee agreement is

appropriate:

1.  the character of the representation, specifically, whether the representation was

    substandard;

2.  the results the representative achieved;

3.  any delay attributable to the attorney seeking the fee; and

4.  whether the benefits obtained were "not in proportion to the time spent on the

    case" and raise the specter that the attorney would receive an unwarranted

    windfall.

*Crawford*, 586 F.3d at  1151-53 (citations omitted).  In other words, the court is empowered to

exercise discretion to ensure that the claimant is protected from having to surrender retroactive

disability benefits in a disproportionate payment to counsel. *Crawford*, 586 F.3d at 1151 (citing *Gisbecht*, 535 U.S. at 808).

> ### 1.    The Character of Representation

Substandard performance by a legal representative may warrant a reduction in a § 406(b) fee award. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. The record in this case provides no basis for a reduction in the requested § 406(b) fee due to the character of counsel's representation. From the outset, this litigation was zealously disputed by defense counsel. Complex grounds for seeking a remand in the action were presented by plaintiff's counsel, and defendant opposed those grounds strenuously. After the Magistrate Judge recommended remanding the action to the Commissioner for a calculation of benefits, defendant advanced substantive objections to this court. Plaintiff's counsel was compelled to further address arguments regarding whether the Administrative Law Judge (ALJ) improperly assessed plaintiff's credibility and erroneously found that plaintiff's medical record failed to corroborate his symptom testimony, failed to properly consider medical evidence, erred in evaluating lay testimony, and omitted consideration of whether plaintiff met Listing 14.09B, which pertains to ankylosing spondylitis – a condition suffered by plaintiff. Counsel's representation of plaintiff in these matters was sound and professional.

As noted by the *Gisbrecht* court, this aspect of the reasonableness analysis emphasizes whether the character of the plaintiff's representation was substandard. *Gisbrecht*, 535 U.S. at 808 (citing *Lewis v. Sec'y of Health and Human Servs.*, 707 F.2d 246 (6th Cir. 1983)). The court deciding *Lewis* considered the counsel's poor preparation for hearings, failures to meet briefing deadlines, submissions of court documents void of legal citations, and misconduct in overbilling the claimant to amount to substandard representation. *Lewis*, 707 F.2d at 248-50.

As noted already, the record in this case fails to reveal that substandard representation occurred here.  Although the character of counsel's representation provides no basis for reducing a fee request based upon 25 percent of the claimant's retroactive benefits award, the *Lewis* decision is also significant for its wisdom regarding how to evaluate the reasonableness of 406(b) fee requests.  Quoting earlier precedent, the court observed that "[r]outine approval of the statutory maximum allowable fee should be avoided in all cases.  In a great majority of the cases, perhaps, a reasonable fee will be much less than the statutory maximum."  *Id*. at 250 (citation and internal quotation omitted).

### 2.    Results Achieved

Here, counsel won benefits for the claimant.  This court ordered remand for an award of benefits, the remedy plaintiff sought.  In so ordering, this court rejected the Commissioner's strenuous opposition.   However, an order for an award of benefits should not be viewed in isolation nor can it be presumed always to require a fee award of 25 percent of a claimant's retroactive benefits award.  *Dunnigan,* Civil No. 07-1645-AC, 2009 WL 6067058, at *12.

> If obtaining benefits always supported awarding fees for the full twenty-five percent, it would make  irrelevant the other *Gisbrecht* factors and render perfunctory the trial courts' assigned task of "making reasonableness determinations in a wide variety of contexts[.]"

*Id*. (quoting *Gisbrecht*, 535 U.S. at 808).

### 3.    Delays

A court may reduce a § 406(b) award for delays in proceedings attributable to the claimant's counsel.  *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151.  However, the *Gisbrecht* Court reasoned that a reduction of a requested fee is appropriate under § 406(b) in cases in which the requesting attorney could profit from the accumulation of benefits by inappropriately causing delay in the proceedings while the case is pending.  *Gisbrecht*, 535

U.S. at 808 (citing *Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989)).  Here, counsel sought or acquiesced to two brief extensions on behalf of his client.  No evidence in the record suggests that either request was intended, even in part, to delay the proceedings in this case. Accordingly, reduction of a fee request based upon 25 percent of the claimant's retroactive benefits award under this factor is unwarranted.

    **4.**      **Proportion**

A district court may reduce a § 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808).  The Supreme Court explained that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

Plaintiff's attorney litigated a complex application for Social Security benefits that was disputed by the Commissioner.  He claims to have worked 51.5 hours on the case.  In the documentation submitted by counsel in support of the fee request, the court is unable to determine that 51.5 hours' work by this attorney should warrant the highest fee permitted under the applicable statute.  Instead, counsel presented nearly indecipherable mathematical rationalizations for asserting that a full 25 percent award would be proper.  The quest for establishing reasonableness in a fee request should be more straightforward.  Although counsel failed to meet his burden of establishing that a fee of 25 percent of his client's retroactive benefits was reasonable under the circumstances presented in this case, the court has embarked upon an independent evaluation.  Notwithstanding the absence of a basis to conclude that the work completed by counsel in this case should qualify for the maximum fee award allowed by law, the court acknowledges that counsel undertook some risk in agreeing to represent this plaintiff on a contingency basis, and successfully represented his client in a case that was disputed by defendant and required skill and expertise.  After examining the docket, the briefing

7 - ORDER

presented, and the hours claimed in counsel's application for EAJA fees, this court concludes that counsel has made an adequate showing that a fee award of 20 percent of claimant's retroactive benefits would be reasonable.

**CONCLUSION**

For the reasons stated, counsel's Motion for a Fee Award [37] is granted in part. Counsel is entitled to $24,499 in fees, an amount that constitutes 20 percent of $122,495.00, the amount acknowledged to constitute plaintiff's retroactive benefits award. If counsel has received the EAJA fee award he was granted of $8,200.00, that amount must be subtracted from the 406(b) fee award.

IT IS SO ORDERED.

DATED this __15__ day of July, 2010.


_/s/ Ancer L. Haggerty_
Ancer L. Haggerty
United States District Judge

8 - ORDER